**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MAUREEN WILLIAMSON                                              **PLAINTIFF**

**V.**                                     **4:09CV00948 JMM**

**HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY**                                              **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion for Discovery.  (Docket # 6).  Plaintiff asks the Court to

allow discovery in order to determine the appropriate standard of review based upon the *Glenn*

factors.   Plaintiff seeks reinstatement of disability benefits under an employee welfare benefit

plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1001 et. seq.  Relying on *Metropolitan Life Ins. Co. v. Glenn*, ____ U.S. ____, 128 S.Ct 2343

(2008), Plaintiff claims that the Court should allow discovery in order to determine the

appropriate standard of review to be applied to the case.

In *Glenn*, the United States Supreme Court held that a conflict of interest exists when a

plan administrator both evaluates clams for benefits and pays benefits claims, and that the

conflict should "be weighed as a factor in determining whether there is an abuse of discretion."

*Id*. at 2350.  *Glenn* did not create special procedural or evidentiary rules focused on this conflict.

*Id*.  In *Chronister v. Unum Life Ins. Co. of America*, 563 F. 3d 773, 775 n.2 (8th Cir. 2009), the

Eighth Circuit Court of Appeals noted that it was not faced with deciding whether *Glenn*

changed the discovery limitations in ERISA cases.  Accordingly, under existing Eighth Circuit

law, a plaintiff is required to show good cause to permit discovery in an ERISA case where no

conflict of interest is apparent from the administrative record.  *See Kendel v. Zurich American*

*Ins. Co.*, 2009 WL 3063363 (E.D.Ark. 2009)(citing *Menz v. Procter & Gamble Health Care*

*Plan*, 520 F. 3d 865 (8th Cir. 2008)).

In her Brief, Plaintiff states that "the District Court unfortunately believed that 'additional discovery aimed at determining the extent of a conflict that may or may not have given way to an abuse of discretion are not permitted.' The Court failed to [sic] in evaluating such a decision, however, a court should take various 'case-specific' factors into consideration. . . ."(Pl's Brief in Support of Motion for Discovery, at p. 2-3)(citing Add at 51).[1]  However, Plaintiff has failed to provide any factors specific to this case for the Court to consider.  Plaintiff has failed to demonstrate good cause to conduct discovery relating to any alleged conflict of interest. Thus, Plaintiff will not be allowed to conduct discovery.

Accordingly, Plaintiff's motion for discovery (docket # 6) is DENIED.

IT IS  SO ORDERED this 17th day of March, 2010.

_____
James M. Moody
United States District Judge

---

[1]  There is no addendum or exhibit attached to the Motion.  Plaintiff also states, "Thus, this Court should reverse the District Court."  (Pl.'s Brief in Support of Motion for Discovery, at p. 2).  The Court is uncertain where this request fits into the motion.